## UNITED STATES v. DAULONG.

### No. 11010.

District Court, W. D. Louisiana, Monroe Division.

May 7, 1945.

Albert E. Bryson, Asst. U. S. Atty., of Shreveport, La., for plaintiff.

Ronald Lee Davis, of Monroe, La., and Floyd Terral, of Little Rock, Ark., for defendant.

DAWKINS, District Judge.

Defendant was indicted under the Act of February 14, 1917, 18 U.S.C.A. § 89, penalizing those who make threats against the life of the President of the United States. The bill consists of two counts and the language alleged to have been used is as follows:

(First Count) "If someone does not kill him (the President) he, the defendant, had a notion to do it himself  * * *"; and

(Second Count) "He hoped somebody gets him (the President) tonight, and if somebody did not, he, the defendant, felt like going up there and doing it himself".

Defendant has moved to quash both counts for the reason, it is contended, the indictment "does not charge a crime against the United States * * *".

The argument is, of course, that the language thus quoted does not in either case, constitute a threat of present intention to now or in the future take the life of the President.

Threat has been defined as follows (Webster's New International Dictionary):

"1. To press; urge; also to oppress; esp., to compel; maltreat; vex; trouble; reprove; chide. Obs.

"2. To threaten; to menace. Archaic and Dial."

(The Century Dictionary):

"A declaration of intention or a determination to inflict punishment, loss or pain on another."

2 Bouv.Law Dict., Rawle's Third Revision, p. 3270:

"A menace of destruction or injury to the person, character, or property of those against whom it is made."

"A declaration of an intention or determination to injure another by the commission of some unlawful act."

If the accused had merely said "I have a notion to kill the President" without the preliminary statement that if someone else did not do it, would the expression have constituted a threat; and, if not, did those additional words add anything to make the statement any more of a threat than it would otherwise have been? If the defendant had simply said that someone should or ought to kill the President, with no declaration or other indication that the speaker intended or would commit the act, it seems clear that this would not amount to a threat, and the adding it to what the accused expressed as being in his mind, does not constitute a threat unless the two together can under the rule of strict construction applicable to all criminal statutes, be said to amount to a threat. Webster's New International Dictionary defines "notion" in the sense it was evidently used by the accused in this case, as "(2) view, theory, belief, or the like;" and "(3) an inclination or fancy; whim; as, a notion to do it".

All these fall considerably short of an expression of determination or intent to do the act itself, that is, to take the life of the President. The same may be said about the second count. It, too, does not express the intention or purpose to kill the President presently or in the future. In effect, it says that the speaker feels like doing it, if someone else does not, but here again, this can not be construed as an intention, determination or purpose to perform the deed. The statute does not penalize the imagining, wishing or hoping that the act will be committed by someone else. It was intended to prevent persons, whether with serious intention to carry them out or not, from making actual threats against the Chief Executive, even without communicating them to him, as being calculated to inspire or encourage the hearers to attempt such acts. It is hardly necessary to say that this law was passed to protect the President because of his high station and great value to the nation, but unlike certain sins denounced in the Bible, the offense is not committed by the mere thinking, imagining, or wishing to do the things involved. Here, there must be the positive expression of intent and purpose, presently or in the future, to do the thing denounced.

The motion to quash will be sustained.

Proper decree will be entered.