UNITED STATES, Appellant

v.

LOUIS H. STURMER, Jr., Private First Class, USMC, Appellee

1 USCMA 17, 1 CMR 17

No. 24

Decided November 8, 1951

Lt. Fredric T. Suss, USN, for Appellant.
Maj. Charles N. LeClaire, USMC, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

This case is before the court on a certificate for review from The Acting Judge Advocate General of the Navy under the provisions of Article 67 (b) (2) of the Uniform Code of Military Justice.[1] The issue certified for decision is whether a specification charging that an accused

". . . did . . . say to one Curtis R. Hewitt, Corporal, U. S. Marine Corps, who was then and there in the execution of the duties of his office . . . 'I can't do anything about it now, but I'll use my fists on you later,' or words to that effect."

alleges an offense in violation of Article 4 (Third) A.G.N.[2]

The accused was charged, tried and

[1] Act of 5 May 1950; 64 Stat. 108; 50 USC §§ 551–736.

[2] ". . . or strikes or assaults, or attempts or threatens to strike or assault, his superior officer while in the execution of the duties of his office."

**17**

convicted on two charges, including the specification in question. According to the record of trial (R. 5 et seq), the statement made by the accused was that he would use his fists on the superior officer "when he got out of the brig." The difference in the words charged and proved is not of importance in our determination of the case. It is mentioned only in the interest of completeness. Upon review by a board of review in the Office of The Judge Advocate General of the Navy the board held, one member dissenting, that the specification did not allege an offense, and set aside the finding on Charge I.

It was the opinion of the board that ". . . words must constitute an actual threat to commit a battery at the time they are spoken . . . that a promise to commit a battery at some time in the distant future . . ." was not a threat under the provision [3] in question. The government contends the gist of the offense is not *when* but *if* the battery was intended at the time the words were spoken. From the language of the board of review it would appear that their construction is, that the threat of a battery under this provision must constitute the threat of an *immediate* battery. With this we do not agree. Criminal statutes must be strictly construed, but not strained to the point of an obvious avoidance of their plain intent and wording. Decisions [4] by the Judge Advocate General of the Navy, construing this provision, indicate that it is intended to cover the present situation.

The other elements being present,

the question narrows itself down to the meaning of the term "threat." As construed by the federal courts:

"A threat is an avowed present determination or intent to injure presently *or in the future.*" (Italics supplied.) [5]

As long as the triers of facts are satisfied that the avowal of threatened injury was made wilfully and intentionally, it is not necessary that it involve immediate injury.

Counsel for the accused in his brief concedes the words charged "was a statement of what appears to be a present intention as to some future action." No other construction is possible. This places the language well within the definition cited in footnote 5. Counsel for the accused also urges that such construction will result in an absurdity if extended to its limit, i.e., a threat to use fists after "serving a 60 year sentence." However, that question is not before us for decision. We are here concerned only with facts in this case. Furthermore, under such an extraordinary situation as that suggested by counsel for the accused, we must assume that the authorities will apply some rule of reason. It is not our province to decide in the abstract every conceivable problem that can arise. We decide only that the board of review was in error when it held the words charged did not constitute a threat under Article 4, A.G.N. The decision of the board of review setting aside the finding on Charge I is reversed.

Judges LATIMER and BROSMAN concur.

---

[3] A.G.N. 4 (Third)

[4] CMO 3, 1946, 77; CMO 9, 1929, 21; CMO 10, 1925, 17; CMO 11, 1927, 6; Laws Relating to the Navy Annotated (Sup.) 182–183: "The gravamen of the offense is that the accused spoke certain words to his superior officer and in speaking those words he intended to threaten bodily injury."

[5] United States v. Metzorf, 252 F. 933, 938 (C.A.—Cir.); United States v. Daulong, 60 F. Supp. 235, 236.