UNITED STATES, Appellee

v.

CARL W. WHITE, Private First Class, U. S. Air Force, Appellant

2 USCMA 439, 9 CMR 69

No. 635

Decided May 1, 1953

COL Kenneth B. Chase, USAF, and LT COL William H. Ward, Jr., USAF, for Appellant.

COL Wendell C. Dreier, USAF, and MAJ William E. Shannon, USAF, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial of stealing from the mails in violation of Article of War 96, 10 USC § 1568. He was sentenced to bad-conduct discharge, partial forfeitures, and confinement for six months. The findings and sentence were upheld on review except that the disciplinary discharge was suspended by the convening authority. We granted the accused's petition for review, limited to issues concerning the instructions of the law officer and a closed session conference during sentence deliberations between the court and the law officer.

At the close of the case, the law officer instructed the court in the general language too often used for Article 96 (now Article 134) offenses:

"That the accused did or failed to do the acts as alleged, and that the circumstances were as specified."

We note that we consider the law officer's instructions on the elements of the offense charged to be legally inadequate. We have previously condemned this type of instruction on the ground that it really affords the court no legal guidance as to the elements of the offense under consideration. United States v. Welch (No. 196), 3 CMR 136, decided May 27, 1952. The instruction was particularly inadequate here since the accused was charged with felo-

**439**

niously stealing a package from the mails. The law officer did not inform the court of the elements required to establish larceny.

The failure of the law officer to instruct the court adequately on the elements of the offense charged requires reversal. This conclusion renders consideration of the closed session conference between the court and the law officer unnecessary. The decision of the board of review is reversed and a rehearing is ordered.

Judges LATIMER and BROSMAN concur.