UNITED STATES, Appellee

v.

UELL GENE JETT, Sergeant, U. S. Marine Corps, Appellant

5 USCMA 476, 18 CMR 100

No. 5056

Decided February 18, 1955

CDR Robert W. Collins, USNR, LT Harold Hoag, USN, and ENS W. W. McNeilly, Jr., USNR, for Appellant.
CAPT Carl G. Lutz, USMCR, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

Despite his plea to the contrary, the accused, Jett, was found guilty by a general court-martial of two offenses in contravention of Article 92(1), Uniform Code of Military Justice, 50 USC § 686—that which proscribes the violation of a lawful general regulation. He was sentenced to receive a dishonorable discharge, together with total forfeitures, confinement at hard labor for one year and six months, and reduction to grade of Private. The convening authority reduced the term of imprisonment to one year, suspended the execution of the punitive discharge, but otherwise approved the proceedings. A board of review in the office of The Judge Advocate General, United States Navy, has affirmed—and we granted the accused's petition for review in order that we might consider the sufficiency of the law officer's instructions on the elements of the crimes charged.

## II

The first specification lodged against Jett alleged that he violated paragraph 1258, U. S. Navy Regulations, dated August 9, 1948, by accepting a gift of some $700 from the members of his Marine Recruit platoon—the accused then receiving a higher rate of pay than, and occupying an official position superior to, that of the donors. The second offense of which he was found guilty involved precisely the same sort of delict, although the "gift" involved came to no more than $38.

In brief, the facts are these. During the period in question the accused was a drill instructor assigned to Platoon 292, Sixth Recruit Training Battalion, Parris Island, South Carolina—a unit then undergoing basic training. In October 1953, he is alleged to have requested one Duffy, his assistant, to solicit money gifts from among the members of the trainee group. Duffy collected approximately $38, and handed that sum to the accused.

During the first few days of November a second collection was solicited, and the sum of $213 was realized. When Duffy offered this amount to Jett, it was refused "in disgust," the latter asserting that he could not accept such a gift. Thereafter the money was returned to the several contributors.

Coincidentally, perhaps, the petitioner drilled his platoon with extreme severity that day, and in other ways indicated his dissatisfaction with the generosity of its members. The following day a third collection occurred spontaneously; the sum of $700 was accumulated; and the accused readily accepted this amount when it was tendered him by Duffy.

The court-martial noticed judicially that paragraph 1258, U. S. Navy Regulations, dated August 9, 1948, provides that no member of the Naval establishment may accept any sort of gift from persons or groups occupying an official position inferior to, and receiving less pay than, the contemplated donee.

At the conclusion of the evidence the court was instructed that the elements of the offenses charged here were:

". . . that at the time of the alleged offenses there was in effect a lawful General Regulation, specifically U. S. Navy Regulations; that the accused had knowledge of the Regulations; and that he violated the Regulations in the manner alleged."

It appears that the language of this instruction came from the statement of the elements of proof set out in paragraph 171a of the current Manual for Courts-Martial. Incidentally, Instruction No 28, Appendix I, Department of the Army Pamphlet No 27-9, The Law Officer, December 1952, purports to deal with the same offense, and is couched in phrasing of similar broad import.[1]

### III

In earlier cases we have warned against the practice—not infrequently followed by law officers— ▆▆▆▆▆ ▆ of generally and unselectively reciting the elemental provisions of the Manual during the course of instructions. United States v. Williams, 1 USCMA 231, 233, 2 CMR 137. On occasion, indeed, we have held various instructions inadequate, despite

the fact that the legal formula supplied to court-martial members at the trial constituted a literal rendition of Manual language. United States v. White, 2 USCMA 439, 9 CMR 69; United States v. Lookinghorse, 1 USCMA 660, 5 CMR 88; United States v. Simmons, 1 USCMA 691, 5 CMR 119. It is undeniable that the Manual for Courts-Martial is the most valuable tool available to the military lawyer. However, it should be recognized that it necessarily must and does treat of the general nature of various offenses, not of specific instances—that is, of broad considerations, not of today's application at a trial. Often—perhaps usually—it is true that the terms of the Manual are sufficient to guide the court-martial during its deliberations; but, even as to this source's most artful parts, it is best used as a beginning, not an end. Only a realistic and fair appraisal by the law officer of the evidence introduced during the course of the proceedings—in the light of the provisions of the Code and Manual, together with the language of the specification and that of the several service law officer aids— will result in a formulation of legal principles sufficient to submit all of the issues—and only these—to the fact finders for determination.

The difficulty with the present charge to the court is that it is infinitely broad. So generous were the folds of the garment furnished by the law officer here that it would suffice to envelop comfortably all possible violations of every general regulation extant. It is as though a suitcase had been provided to carry a pea—and an unidentified one into the bargain. Far from being a concise statement of the elements of the offense alleged, it amounted—standing alone—to no more than an enumeration of generalities, fully as appropriate to a charge of curfew violation as to the instant serious dereliction.

In United States v. Greenlee, 3 USCMA 284, 12 CMR 40, we dealt

---

[1] Of course, we are aware that the present trial involved a Marine and not a soldier. However, we advert to the cited Pamphlet for assistance in interpretation, since it is a competent and conscious effort by one Armed Service to suggest instructions which will comply with the requirements of the Uniform Code. Furthermore, in practice the trial and investigative aids prepared by one Armed Force are frequently distributed to and utilized by another.

with a similar instruction, phrased with but little more ineptitude than the one found here, and said, "In truth, it [the instruction] is so lacking in specificity as to provide no basis for the exercise of the fact-finding powers vested in the court-martial." In United States v. Landrum, 4 USCMA 707, 16 CMR 281, we held that an instruction, embodying the same "elements" as the one used in the case before us here, was inadequate to submit to the court-martial the intent involved in the offense alleged in that prosecution.

Under the Regulations pertinent to the present charge and its specification, it was necessary to establish that the accused accepted a gift at a time at which he occupied an official position superior to, and received a higher rate of pay than, the several donors of the gift—contrary to the terms and spirit of the directive involved. This, the prosecution's evidence was ample to establish—but no slightest reference to these essentials is to be found in the legal standard supplied by the law officer. That which was furnished here by way of bench-mark fell far short of encompassing all that the court-martial was required to know in order that its members might decide properly the question of the accused's guilt or innocence. In sum, the law officer's instructions were simply insufficient to apprise the fact finders of the substance of the offense alleged in this case.

## IV

It is urged on behalf of the Government that, whatever shortcomings may be deemed to exist in the present instructions, these are such that—absent a request for elaboration from defense counsel—they cannot be said to have prejudiced the accused. Because defense counsel did not point out his deficiencies to the law officer at the trial—we are told—the accused has no ground for just complaint here. However, this Court has always adhered to the notion that the duty of the law officer to instruct with respect to every essential element of the offense charged bears no sort of relation to the equally binding obligation of defense counsel to request instructions on certain affirmative defenses, collateral issues, and the like raised during the course of trial. United States v. Rhoden, 1 USCMA 193, 2 CMR 99. And we have additionally extended the law officer's duty to act on his own initiative to those situations in which he is presented with an issue so intertwined with the elements of the offense, forming the subject matter of the trial, that informed consideration by the court-martial is impossible in the absence of instructional enlightenment thereon. United States v. Wallace, 2 USCMA 595, 10 CMR 93; United States v. Hughes, 5 USCMA 374, 17 CMR 374. Of course, the error found here resides in what purports to be the charge on the elements of the offense.

There is yet another reason why the doctrine of waiver is too frail a reed to sustain the Government's plea for affirmance. The questioned instruction was couched in the very words of the Manual for Courts-Martial, United States, 1951, paragraph 171, page 324.[2] We are not inclined to hold that a defense counsel has waived a contention when his failure to object may simply have involved reliance on the military lawyer's "Bible." United States v. Morris, 4 USCMA 209, 15 CMR 209.

## V

The decision of the board of review is reversed, and the record is returned to The Judge Advocate General, United States Navy, for action not inconsistent with this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent for the reasons stated in my separate opinions in United States v. Gilbertson, 1 USCMA 465, 4 CMR 57; United States v. Greenlee, 3 USCMA 284, 12 CMR 40; and United States v. Landrum, 4 USCMA 707, 16 CMR 281.

---

[2] Also it embodies the instruction suggested for this offense in Pamphlet 27–9, supra.