UNITED STATES, Appellee

v

M. B. KELLY, Private E–1, U. S. Army, Appellant

9 USCMA 26, 25 CMR 288

No. 10,290

Decided March 14, 1958

*First Lieutenant William H. Carpenter* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig.*

*Major Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted of violating five provisions of the Uniform Code of Military Justice. The issue which we consider in this instance occurred during the instructional phase of the accused's trial and concerned a charge of communicating a threat, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Accord-

26

ingly, only those facts pertinent to this issue will be stated.

The accused was incarcerated in a military police station at Fort Dix, New Jersey, for creating a disturbance. While in a temporary detention cell, he asked a first lieutenant, who was officer of the day, to help him and when the lieutenant ignored the request, the accused allegedly said, "If I get out of here, I'll kill you" or "Let me out of this cell and I'll kill you."

The law officer instructed upon this offense as follows:

"Charge IV, alleging the offense of wrongfully communicating a threat, in violation of Article 134, the court is advised that to find the accused guilty of the specification and charge, it must be satisfied by legal and competent evidence, beyond a reasonable doubt:

"(1) That at the time and place alleged, the accused, without justification or excuse wrongfully communicated to First Lieutenant Ronald L. Redmann a threat to kill him, as alleged;

"(2) That under the circumstances, the conduct of the accused was to the prejudice and good order and discipline of the Armed Forces, or was of the nature to bring discredit upon the Armed Forces.

"The term 'communicated to', means to make known to. The term 'threat' means a declaration of one's purpose or intention to do an act which is wrongful."

That the definition of threat stated above leaves something to be desired is evidenced by a perusal of one of our earliest cases. In United States v Sturmer, 1 USCMA 17, 1 CMR 17, we said that "a threat is an avowed present determination or intent to injure presently or in the future." See also United States v Rutherford, 4 USCMA 461, 16 CMR 35; United States v Holiday, 4 USCMA 454, 16 CMR 28. However, it is prejudice rather than imperfection which requires reversal and, although this determination may be difficult in some instances, our decision in United States v Davis, 6 USCMA 34, 19 CMR 160, brings us here to a swift conclusion. In that case the accused, while under arrest, addressed the sergeant of the guard, stating he would kill him in civilian life or Army life. He was charged with communicating a threat, and the law officer gave instructions which were similar to those presently before us except for the names of the parties. Inter alia, we considered the accused's contention that the instructions were incomplete, and we stated our holding in this language:

"In United States v. Sturmer, 1 USCMA 17, 1 CMR 17, we adopted a definition of the term 'threat' which was taken from United States v. Metzdorf, 252 Fed 933, 938 (DC Mont) (1918), to the effect that, 'A threat is an avowed present determination or intent to injure presently or in the future.'

"When the instructions given by this law officer are broken down in their essential parts, the court-martial was required to find the following before a verdict of guilty could be returned: (1) That the threat was without justification or excuse; (2) that it was wrongful; (3) that it was made known to the victim; (4) that within its language the accused declared his purpose or intent to do an act which was wrongful, to wit: kill the victim. Those elements meet the test of our definition, . . .

"For the foregoing reason, the instructions as given by the law officer were sufficient to meet the minimal standards of military law, . . ."

As this case presents no substantial distinguishing factor, we need only invoke the principle of stare decisis and affirm the decision of the board of review.

Chief Judge QUINN concurs in the result.

FERGUSON, Judge (dissenting):
In one of the earliest cases to reach this Court, we approved the definition of the word "threat" as found in the leading Federal case of United States

**27**

v Metzdorf, 252 Fed 933 (DC Mont) (1918), which is that a threat "is an avowed present determination or intent to injure presently *or in the future.*" United States v Sturmer, 1 USCMA 17, 1 CMR 17. Since that case was decided, we have on frequent occasions strictly adhered to that definition. United States v Holiday, 4 USCMA 454, 16 CMR 28; United States v Rutherford, 4 USCMA 461, 16 CMR 35; United States v Humphrys, 7 USCMA 306, 22 CMR 96; United States v Hazard, 8 USCMA 530, 25 CMR 34. In view of this long unbroken line of authority, it is difficult to perceive why law officers still persist in charging the court-martial that a threat is "a declaration of one's purpose or intention to do an act which is wrongful."

The principal opinion concedes that the definition as given by the law officer "leaves something to be desired" but nevertheless concludes that the instructions meet the minimal standards of military law. With this conclusion I cannot agree. The definition of the word "threat" as adopted by this Court must either apply in all cases, wherein an accused is charged with communicating a threat, or in none. It is illogical to establish a correct definition and then permit law officers to deviate from it in important particulars. If the definition approved in *Sturmer,* supra, is now considered obsolete, then it should be abandoned but under no circumstances should we rigidly adhere to one definition while permitting convictions in which another is found. This strikes me as an attempt "to run with the rabbits and bark with the hounds." I would return the case for a rehearing under correct instructions.