UNITED STATES, Appellee

v

PATRICK F. MAWHINNEY, Seaman,
U. S. Navy, Appellant

11 USCMA 350, 29 CMR 166

No. 13,715

Decided March 25, 1960

*Lieutenant Colonel R. G. Coyne,* USMC, was on the brief for Appellant, Accused.

*Captain Warren C. Kiracofe,* USN, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused was charged with a number of offenses under the Uniform Code of Military Justice. Two of the specifications allege that he wrongfully communicated a threat, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The words purporting to constitute the threat in the first specification are to the effect that the accused would "get" Seaman Apprentice K. D. Swanson upon his release from the brig. The allegation in the second specification is that the accused told L. A. Goodman "you done crossed me up, buddy; that could cost you your life. Yeah, you could die for that. You better not go to sleep at night without a knife under your pillow."

At trial, one of the issues developed in the final arguments of counsel was  whether each of the communications constituted an avowed determination or intent to injure. However, neither the arguments nor the instructions of the president of the special court-martial clearly indicated that the communication must show a purpose to injure, not merely a purpose to commit any kind of a wrongful act. United States v Jenkins, 9 USCMA 381, 26 CMR 161. As a result, the threat offenses were "submitted to the court members under insufficient instructions." United States v DeMaris, 8 USCMA 750, 752, 25 CMR 254. The inadequacy, however, does not affect both specifications. As we pointed out in the *Jenkins* case, supra, an overly-broad definition of the kind of declaration that constitutes a threat is not prejudicial, if the declaration charged shows a promise of injury to a person and the circumstances indicate that the court members could not have been misled as to what they had to find in order to convict the accused. On the other hand, if the words used are equivocal in meaning and can be reasonably construed as indicating a purpose to commit any kind of a wrongful act, reversal is required. In the *Jenkins* case we noted that a declaration to "get" someone is equivocal in meaning, while a statement that the declarant is going to kill another manifestly shows a purpose to injure. Applying the rule of the *Jenkins* case to the instant situation, it is clear that the specification alleging the communication to Goodman must be affirmed, whereas that relating to Swanson must be reversed.

The findings of guilty of specification 1, Charge II, are set aside and the specification is ordered dismissed. The sentence is set aside and the record of trial is returned to The Judge Advocate General for reference to the board of review for reassessment of the sentence upon the basis of the remaining findings of guilty.