UNITED STATES, Appellee

v

JIMMY EDWARD SHROPSHIRE, Airman Recruit,

U. S. Navy, Appellant

20 USCMA 374, 43 CMR 214

No. 23,394

February 26, 1971

*Lieutenant Donald B. Brant, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant James B. Ginty*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

### Opinion of the Court

DARDEN, Judge:

"I have more muscle in my little finger than you have in your whole body and if you take this restraining gear off, I'll show you what I will do to you." These words form the basis of one specification of a threat that a special court-martial found the appellant guilty of. Our review is to determine whether the quoted words constitute an offense.

A special court-martial composed of a military judge alone found the appellant guilty of five different specifications alleging failure to obey a lawful order, disrespect to a superior petty officer, communicating threats, and disorderly conduct. He was sentenced to a bad-conduct discharge, forfeiture of $80.00 a month for two months, and confinement at hard labor for the same period. The convening authority approved the sentence but suspended the confinement and forfeiture.

While the appellant was confined at Port Hueneme, California, he created a disturbance and was placed in restraining gear after he requested and

374

was denied medication. A petty officer refused the request because the medication log of the correctional center indicated the prescribed dosage had been administered two hours earlier. The appellant testified that when Petty Officer Bowler came near him, "I rattled my handcuffs . . . and he said, 'go ahead, Shropshire, reach out and grab me and I'll put you in the hospital.'" The appellant responded by saying the words stated in the threat specification. Later, Bowler met the appellant when the latter was unrestrained, but the appellant ignored him.

According to appellate defense counsel, if language alleged to communicate a threat contains a contingency, then there must be "a reasonable possibility that the uncertain event may happen." United States v Gionfriddo, 39 CMR 602, 607 (ABR 1968); United States v Nicolas, 14 CMR 683, 690 (AFBR 1954); and United States v Douglas, 9 CMR 619, 622 (CGBR 1953).

Fundamentally, "[e]very threat unexecuted involves some contingency, if none other than that the ▮ maker's purpose be not abandoned, or that execution by him be not prevented." United States v Metzdorf, 252 Fed 933, 938 (D Mont)(1918). But if an utterance is conditioned on a variable that cannot occur, the condition negates the threat. Watts v United States, 402 F2d 676 (CA DC Cir) (1968), reversed on other grounds, 394 US 705, 22 L Ed 2d 664, 89 S Ct 1399 (1969); Tuberville v Savage, 86 Eng Rep 684 (KB 1669).

In United States v Humphreys, 7 USCMA 306, 22 CMR 96 (1956), the Court emphasized that proof of a declaration of intent is different from proof of the intent itself. A concurring opinion in Humphreys declares that the purpose behind the declaration is unimportant, "so long as the words uttered could cause a reasonable person to believe that he was wrongfully threatened." Id., at page 312.

This Court has not directly addressed the issue of whether, as a matter of law, conditional words in a declaration of intent to harm may negate the words as a threat. The Court has indicated, however, that the understanding of the person to whom the statement is communicated and the circumstances of the communication may be significant in contradicting or belying the language of the declaration. United States v Gilluly, 13 USCMA 458, 461, 32 CMR 458 (1963).

In United States v Holiday, 4 USCMA 454, 456, 16 CMR 28 (1954), the accused stated to an Air Force policeman who was escorting him back to his cell, "If I'm not walking fast enough for you, don't push me or I'll knock your . . . teeth down your throat.'" This Court held that if the words, "'don't push me'" were a condition, the accused had no right to impose it. Id., at page 459. Unlike Holiday, who was conditioning his threat on the policeman's doing something he might have a right to do, this appellant's threat depended on the petty officer's doing something he should not do, at least not at that time and in those circumstances.

In United States v Kelly, 9 USCMA 26, 27, 25 CMR 288 (1958), the words constituting the threat were, "'If I get out of here, I'll kill you,' or 'Let me out of this cell and I'll kill you.'" The Court affirmed that conviction, but the issue in Kelly was the adequacy of the instruction and not whether the words imposed a condition the appellant knew could not be met.

If the accused in the instant case had said, "When I get this restraining gear off I will show you what I'll do," we would have no difficulty in agreeing that the condition was one reasonably possible of fulfillment. But when he used the words, "if you ▮ take this restraining gear off," we believe he indicated a limitation on the period within which he would effectuate his words and that no reasonable guard would have removed the restraining gear in order to permit an attack on himself. The words were more braggadocio than a threat of a kind that a reason-

375

able member of the armed forces should be concerned about. The words uttered expressed a contingency that neutralized the declaration, since there was not a reasonable possibility the uncertain event would happen.

To avoid any impression that an inmate of a confinement facility may, with impunity, condition various promises of harm on his being released from his cell or on having his handcuffs removed, we note that language of the type involved in this case may be the basis of specifications involving disrespect to a noncommissioned officer. Moreover, with only a slight variation, the words this appellant uttered could produce a threat. The exact language used here in the circumstances then obtaining, however, is not enough to support the threat specification.

Since the military judge found the specification at issue here to be multiplicious with another specification of communicating a threat to which the appellant pleaded guilty and as to which no controversy exists about its adequacy, no prejudice resulted. Consequently, specification 3 of Charge II is ordered dismissed, and the remaining findings and sentence, as approved by the United States Navy Court of Military Review, are affirmed.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.