**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**TOBY MANN, Defendant**

Criminal No. 23-1972

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

February 18, 1972

HOFFMAN, *Judge*

### ORDER

On January 28, 1972 after a full hearing in this matter the Court reserved decision on the defendant's motion to dismiss and on the merits of the case.

With reference to the motion the Court disagrees with the defendant's attorney in his argument that the complaint fails to charge an offense within the purview of 14 V.I.C. 622(1). While the Court now denies the motion to dismiss, it nevertheless finds the defendant not guilty.

■■ The Court is unable to conclude beyond a reasonable doubt that the defendant's conduct constituted a violation of 14 V.I.C. 622(1). A chief factor in this decision is the Court's conclusion that the remarks made by the defendant were not a threat, but rather a prediction of events beyond the control of defendant. The testimony at trial disclosed an alleged threat quite distinct in tenor from that alleged in the complaint. At trial the evidence indicated that the defendant remarked to the effect that if you come on a documented boat without permission, you are liable to be shot. As such the remarks do not constitute a threat. See: N.L.R.B. v. Teamsters, Chauffeurs, Warehousemen and Helpers, Local 901 (1st. Cir. 1963) 314 F.2d 792, 794; see also: Brooker v. Silverthorne, 99 S.E. 35, 5 A.L.R. 1283, in which the court held that the following remark via telephone, as in the instant case, did not constitute a threat: "If I were there, I would break your God damned neck." A threat is a declaration of intention or determination to inflict punishment, loss or pain on another, or to injure another by the commission of some unlawful act. United States v. Daulong (D.C. La.) 60 F.Supp. 235, 236. The government has not met its burden in proving defendant guilty of such conduct.

Accordingly, the Court finds defendant not guilty.