UNITED STATES

v.

Airman Edward W. GATELY, FR 546–15–6213, United States Air Force.

ACM S25432.

U. S. Air Force Court of Military Review.

18 May 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The issue before the Court is whether the conditional words used to communicate a threat negated its intent.

In *United States v. Shropshire*, 20 U.S.C.M.A. 374, 43 C.M.R. 214 (1971), Judge Darden stated:

> [E]very threat unexecuted involves some contingency, if none other than that the maker's purpose be not abandoned, or that execution by him be not prevented. *But if an utterance is conditioned on a variable that cannot occur, the condition negates the threat.* [emphasis supplied]

This principle has its roots in English and American common law. For example, to lay one's hand on a sword, and say, "If it were not assize time, I would not take such language from you," does not constitute an assault. *Tuberville v. Savage*, 86 Eng.Rep. 684 (KB 1669); neither is to raise and shake a cane at another, saying, "If you were not an old man, I would knock you down." *State v. Crow*, 23 N.C. 375 (1 Ired). *See generally*, 1 Anderson, *Wharton's Criminal Law and Procedure*, section 332 (1957).

In the case before us the words constituting the alleged threat were "if this were the civilian world ... he (accused) would take his .357 magnum and shoot him (victim) six times between the eyes." The accused stated further if he couldn't "get" the victim, he would "get" his family.

The accused argues that the language which constituted the alleged threat was prefaced by the words "if this were the civilian world." This, he contends, is a classic example of a conditional statement where the contingency was not reasonably possible of fulfillment, i.e., he was an active duty member of the Air Force, not a civilian. The Government maintains the accused could have been referring to his status after confinement and after the execution of a punitive or administrative discharge.

We held in *United States v. Johnson*, 49 C.M.R. 278 (A.F.C.M.R.1974) that contingent words will neutralize threat declarations in situations where there is no reasonable possibility the uncertain events will occur. Applying the law to the facts, the accused's language did not constitute

communicating a threat. The setting in which the words were uttered could never be the "civilian world." Accordingly, the finding of guilty as to communicating a threat cannot stand. *Shropshire, supra; but cf. United States v. Johnson,* 21 U.S.C. M.A. 279, 45 C.M.R. 53 (1972).

However, we may properly affirm any lesser included offense supported by the evidence. Article 59(b), Code, 10 U.S.C. § 859(b), *supra; United States v. Cagle,* 12 M.J. 736 (A.F.C.M.R.1976), *pet. denied,* 12 M.J. 332 (C.M.A.1982). The use of provoking words is a lesser included offense of communicating a threat. *United States v. Nicolas,* 14 C.M.R. 683 (A.F.B.R.1954). The words must be those which tend to induce breaches of the peace. *United States v. Bowden,* 24 C.M.R. 540 (A.F.B.R.1957), *pet. denied,* 24 C.M.R. 311 (C.M.A.1957). We find that the language employed in this case was likely to induce a breach of the peace. Accordingly, we affirm a conviction of the lesser included offense of using provoking words in violation of Article 117 of the Code, 10 U.S.C. § 917, *supra. United States v. Nicolas, supra; compare United States v. Noriega,* 20 C.M.R. 893 (A.F.B.R. 1955); *rev'd* 7 U.S.C.M.A. 196, 21 C.M.R. 322 (1956).

Only so much of the findings of guilty as find the accused guilty of the lesser included offense of using provoking words in violation of Article 117, Code, *supra,* are affirmed. Reassessing the sentence based on the modified findings of guilty and the entire record, we find appropriate only so much thereof as extends to three months confinement at hard labor, forfeiture of $367.00 per month for three months, and reduction to airman basic.*

The findings of guilty and the sentence, both as modified here, are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.

---

* The approved sentence extended to a bad conduct discharge, confinement at hard labor for two months, forfeiture of $367.00 per month for six months, and reduction to airman basic.