### UNITED STATES

v.

### Technical Sergeant Michael L. FAYNE, FR 237–98–1607, United States Air Force.

### ACM S27660.

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Oct. 1987.

Decided 11 March 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

### HODGSON, Chief Judge:

This is a domestic dispute that escalated into a court-martial. The appellant and his wife are both non-commissioned officers who, although still married, were in the process of getting a divorce at the time of the offenses. She and her two children lived on-base in government quarters and the appellant resided in an off-base apartment. On 1 June 1987, Staff Sergeant Patricia Fayne came home for lunch and found the appellant. He was dismantling a waterbed she had given him permission to take. Despite her prior permission, she was upset at finding him in her house and asked him to give her the house key and leave—which he did. He had obtained the key from her brother who had been visiting. After he left, she noticed that a video-cassette recorder (VCR) and some video-tapes were missing.

Later that day, she saw the appellant and asked him, "Why [he took her] video tapes." He indicated he wanted to use them, but returned them to her. The inference we draw from Sergeant Fayne's testimony is that the VCR was at least jointly owned by both parties and was not solely hers. During their conversation they agreed over a time for the appellant to pick up the waterbed.

The next day, 2 June, while Sergeant Fayne was there the appellant came to the house, drained and removed the waterbed. After this was done, he refused to leave and assaulted Sergeant Fayne by hitting her and tying her up. Apparently, the impetus for his behavior was his desire to have Sergeant Fayne replace some nude pictures he had taken of her during the marriage. After she allowed him to take additional nude pictures of her, he left. Subsequently, the appellant returned the photographs along with a letter apologizing for his actions. Sergeant Fayne did not report the incident to the authorities or seek medical attention, however, the next day she did tell a co-worker about the occurrence. This individual observed bruises on Sergeant Fayne's arms.

About a week later, Sergeant Fayne and a friend, Airman Michael Lacy, were eating lunch at Fayne's house. While preparing the meal, she noticed some "blue granules" floating on top of a soft drink she had just poured. Later, she discovered the same blue granules in her toothpaste and a cold remedy capsule. At a softball game later that same day, Lacy found blue granules in his chewing tobacco pouch. Also while Sergeant Fayne was at the ball game, the appellant indicated that if Lacy was the individual she "was sleeping around with, the [appellant's] face would be the last one that Lacy would ever see." Additionally, the appellant approached Lacy at the game and stated that if he [Lacy] and Sergeant Fayne were "[seeing] each other eye to eye" and he found out about it, then "it wouldn't be over until one of us wasn't moving."

A few days later, the appellant admitted to Sergeant Fayne that he had put a foreign substance in her food, toothpaste and medicine, and a like substance in Lacy's tobacco pouch. While the appellant identified the matter as rat poison and Drano, a laboratory analysis of the foreign matter disclosed nothing of a harmful nature.

The circumstances just recounted resulted in the appellant's conviction of assaulting Sergeant Fayne, "harassing" her by placing foreign matter alleged to be poison in her food, toothpaste and medicine and "harassing" Lacy by placing foreign matter alleged to be poison in his chewing tobacco. Additionally, he was convicted of communicating a threat to injure Lacy, and

two allegations of entering the dwelling of Sergeant Fayne with the intent to commit a criminal offense, i.e., wrongful appropriation and "harassment." The appellant was sentenced to a bad conduct discharge, confinement for six months and reduction to airman basic.

Appellate defense counsel invite our attention to the Article 38c, 10 U.S.C. § 838(c) brief submitted by the trial defense counsel in which there are 22 assigned errors. We will address those meriting discussion.

### I

■ The appellant argues that the "harassment" convictions cannot be sustained for two reasons: First, as drawn they are constitutionally vague and overbroad as he was not put on notice as to what conduct was prohibited; and, second, the trial judge erred by failing to instruct the members as to the meaning of "harassment."

Accepting, *arguendo*, that the appellant's conduct was directly and palpably prejudicial to good order and discipline so as to pass muster against a constitutional challenge for vagueness, *see United States v. Sadinsky*, 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964), the trial judge's failure to instruct the members on the meaning of the term "harass" requires corrective action. We addressed a similar issue in *United States v. Brauchler*, 15 M.J. 755, 757 (A.F. C.M.R.1983), where the military judge neglected to instruct the court as to the meaning of "indecent liberties." In setting aside the guilty finding as to this offense we stated:

When a definition of terms is required for a proper understanding of the issues involved, it is the responsibility of the trial judge to instruct the military jurors. As Judge Kilday stated in *United States v. Sanders*, 14 U.S.C.M.A. 524, 34 C.M.R. 304, 311 (1964):

Absent a clear and unconfusing explanation, "of what value is an open mind, if ... [the jury] does not know, with clear delineation, the issue upon which it is to pass judgement?"

The gravamen of the offense before the court was the appellant's "harassment" of the named parties. His conduct was a crucial element of the offense. Since the trial judge's instructions did not include a definition of the term, they were inadequate. *See generally United States v. Johnson*, 24 M.J. 101 (C.M.A.1987). Accordingly, Specifications 2 and 3 of Charge I are set aside. In the interests of judicial economy, they are dismissed.

### II

■ In Specifications 1 and 2 of Charge II, the appellant was convicted of unlawfully entering the residence of his estranged wife with the intent to commit a criminal offense therein. Article 130, U.C.M.J., 10 U.S.C. § 930. The offenses were alleged to have taken place on 1 and 9 June 1987, and the criminal offenses the appellant intended to commit once entry was gained were identified as "wrongful appropriation" and "harassment."

The housebreaking allegation of 1 June resulted from Sergeant Fayne coming home for lunch and finding the appellant dismantling a waterbed which she had given him permission to take. To "unlawfully enter" means an unauthorized entry without the consent of any person authorized to consent to the entry and without other lawful authority. *See* Military Judges' Benchbook (May 1982), para. 3–112.

■ An accused may defeat a charge of housebreaking by establishing that his presence on the premises was the result of an invitation, either express or implied, by the occupant. *United States v. Robertson*, 33 C.M.R. 828 (A.F.B.R.1963); *rev'd on other grounds*, 14 U.S.C.M.A. 108 (1964); *United States v. Dutton*, 10 C.M.R. 872 (A.F.B.R.1953). Included in Sergeant Fayne's permission to take the waterbed was the implied authority to enter the dwelling in a reasonable manner in order to remove it. Accordingly, since the appellant was lawfully on the premises, his entry cannot be termed an unauthorized intrusion. *United States v. Dutton, supra.* Of course, his right to be in the house does not allow him to take property other than the

waterbed, i.e., the videotapes belonging to Sergeant Fayne, but the government elected not to pursue the wrongful appropriation allegation as a separate offense. Since the appellant was lawfully in the dwelling, the housebreaking conviction cannot stand. Specification 1 of Charge II is set aside and dismissed.

The remaining housebreaking conviction is also flawed since the trial judge failed to instruct on the definition of "harassment" which was alleged as the offense the appellant intended to commit once entry was gained. *See* Military Judges' Benchbook, para. 3–112, *supra.* However, we may properly affirm any lesser included offense supported by the evidence. *United States v. Gately*, 13 M.J. 757 (A.F.C.M.R.1982). Unlawful entry is a lesser included offense of housebreaking. M.C.M. 1984, Part IV, para. 56d. It is clear from the record that the appellant did not have permission from Sergeant Fayne to enter her quarters at the time he placed foreign matter in her food and health supplies. Accordingly, we affirm a conviction of the lesser included offense of unlawful entry in violation of Article 134, 10 U.S.C. § 934 of the Code.

### III

During her cross-examination by trial defense counsel, Sergeant Fayne invoked Article 31, 10 U.S.C. § 831 of the Code in response to a question suggesting she and Airman Lacy had engaged in sexual relations while she was married. Her refusal to answer the question resulted in the defense requesting the trial judge to strike her testimony. *See United States v. Colon–Atienza*, 22 U.S.C.M.A. 399, 47 C.M.R. 336 (1973). When the trial counsel indicated a willingness to stipulate that this indeed had occurred, the appellant refused to agree to such a stipulation. Nevertheless, the trial judge accepted the "stipulation" and instructed the members that Sergeant Fayne's adultery with Lacy was evidence of bias on her part and a motive to misrepresent. *See* Mil.R.Evid. 608(c).

Since at least one of the parties, i.e., the appellant, did not consent to the stipula-

tion, the trial judge erred in accepting it. R.C.M. 811(c). However, we see no prejudice to the appellant. The trial counsel's acknowledgement that Sergeant Fayne had committed adultery with another prosecution witness was a concession by him that was binding on the government. *Accord United States v. Fields*, 27 C.M.R. 863 (N.B.R.1958). That Sergeant Fayne had a motive to misrepresent her testimony was before the court with a proper instruction, as the result of the government's concession. It is apparent that this is what the appellant sought to achieve. Under the facts presented, we conclude the trial judge did not err in refusing to strike Fayne's testimony. *See generally* Mil.R.Evid. 301(f)(2); *United States v. Lawless*, 13 M.J. 943 (A.F.C.M.R.1982); *aff'd* 18 M.J. 255 (C.M.A.1984).

### IV

The appellant also contends that the trial judge erred in denying the defense motion to suppress the statements he made to his wife, Sergeant Fayne on 11 June 1987. He argues that his wife is subject to the Code and since she suspected him of assault and housebreaking, she was required to comply with Article 31 of the Code and advise him of his right against self-incrimination and the right to counsel. This assigned error need not detain us long. The record is clear that the appellant did not perceive his conversation with his wife to be an official interrogation or anything other than an attempt to resolve what was essentially a marital problem. The motion to suppress was properly denied. *United States v. Wiggins*, 13 M.J. 811 (A.F.C.M.R.1982).

### V

The remaining assigned errors are resolved against the appellant. Reassessing the sentence on the basis of the errors discussed and the entire record, we find appropriate only so much to the sentence as provides for a reduction to E–4 and confinement for six months. The finding

of guilty and the sentence, both as modified, are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.