**UNITED STATES**

v.

**Airman First Class David R. SHROP-SHIRE, FR447–80–4883 United States Air Force.**

**ACM S28544.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 June 1991.

Decided 19 Feb. 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major Alice M. Kottmyer.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Captain Thomas E. Wand.

Before O'HAIR, RIVES and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

RIVES, Judge:

Appellant was convicted, on mixed pleas, of a total of seven specifications that all relate to his drunk and disorderly conduct one evening. His approved sentence is a bad-conduct discharge, confinement for 60 days, forfeiture of $250 pay per month for 2 months, and reduction to E–1. He alleges that the evidence is insufficient to sustain his conviction for use of provoking words. We agree.

The offensive words at issue were, "Here's another nigger," and "I am going to kill you nigger." They were directed towards a security policeman then in the execution of his duties—who arrived at the scene *after* the clearly drunk and disorderly appellant had been apprehended and handcuffed by other security police personnel.

The crime of provoking speech is proscribed by Article 117, UCMJ, 10 U.S.C. § 917. "Provoking" words are those "which are used in the presence of the person to whom they are directed and which a *reasonable person would expect to induce a breach of the peace under the*

*circumstances."* MCM, Part IV, paragraph 42c(1) (1984) (emphasis added).

We follow the rationale of the analogous case of *United States v. Shropshire,* 20 U.S.C.M.A. 374, 43 C.M.R. 214 (1971). That case involved a charge of communicating a threat in which the accused, under restraint, uttered his threat but conditioned it on removal of the restraining gear. Finding the evidence insufficient as a matter of law to support the conviction, the Court noted that "no reasonable guard would have removed the restraining gear to permit an attack on himself." *Id.* at 375, 43 C.M.R. at 215.

Appellant certainly expressed extremely insulting and repugnant comments; however, it is not reasonable to conclude that they would provoke the security policeman at whom they were directed to breach the peace. *See United States v. Thompson,* 22 U.S.C.M.A. 88, 46 C.M.R. 88 (1972). It is not uncommon for a person under apprehension to hurl taunts at the police. The police, in turn, are specifically trained to overlook verbal abuse in such situations and to maintain a professional demeanor.

Evaluating a charge of provoking speech, we find it appropriate to apply a separate standard to words directed at a policeman by a handcuffed suspect under apprehension, than to the same words said to an ordinary citizen. Accordingly, the findings of guilty of Charge III and its specification (provoking words) are set aside and dismissed. The remaining findings of guilty are affirmed.

We will consider appellant's other assertion of error, that the approved sentence is unduly harsh, after we reassess the sentence in light of our decision to set aside the conviction for provoking words. We are satisfied that we can fairly determine the sentence that would have been adjudged absent that conviction. *United States v. Peoples,* 29 M.J. 426, 428 (C.M.A. 1990); *United States v. Sales,* 22 M.J. 305 (C.M.A.1986). The military judge considered the provoking speech offense as "part of the same transaction" as a charge of resisting apprehension, and he treated them as multiplicious for sentencing purposes. Additionally, we note that disapproval of Charge III and its specification does not affect the maximum punishment in this special court-martial. Reassessing the approved sentence, we are convinced it is no greater than that which would have been imposed absent the provoking speech conviction. Considering the entire record of trial and appellant's contention that his sentence is too severe, we further find this reassessed sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings, as modified, and the sentence, as reassessed, are correct in law and fact and are

AFFIRMED.

Senior Judge O'HAIR and Judge MILLS concur.