UNITED STATES, Appellee,

v.

**Cary R. REED, Airman Recruit
U.S. Navy, Appellant.**

No. 67,078.
NMCN 903881.

U.S. Court of Military Appeals.

Argued March 4, 1992.

Decided June 17, 1992.

For Appellant: *Lieutenant Randall L. Chambers*, JAGC, USNR (argued); *Lieutenant Ruth M. Medeiros*, JAGC, USNR.

For Appellee: *Lieutenant Dwight N. Mersereau*, JAGC, USNR (argued), *Colonel T.G. Hess*, USMC (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was tried by a general court-martial military judge sitting alone. Pursuant to his pleas, appellant was found guilty of unauthorized absence (by exceptions); four specifications of larceny of a total value exceeding $9,300.00; stealing mail; and communicating a threat, in violation of Articles 86, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 921, and 934, respectively. Appellant was sentenced to confinement for 24 months, total forfeitures and discharge from the Naval Service with a bad-conduct discharge. The Court of Military Review affirmed the findings and the sentence without opinion.

We granted appellant's petition on the issue of whether the evidence is legally sufficient to support appellant's conviction for communicating a threat as alleged in specification 2 of Charge III. The evidence indicates that appellant left a letter in his desk which stated he would injure his roommate if he tried to find appellant and recover his stolen property.

In reviewing the legal sufficiency of the evidence, we will view it in the light most favorable to the prosecution and determine whether a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The elements of the offense of communicating a threat are as follows:

> (1) That the accused communicated certain language expressing a present determination or intent to wrongfully injure the person, property, or reputation

of another person, presently or in the future;

(2) That the communication was made known to that person or to a third person;

(3) That the communication was wrongful; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 110b, Part IV, Manual for Courts–Martial, United States, 1984. We hold that a rational factfinder could have found all of these elements beyond a reasonable doubt. We will discuss our rationale with respect to the first element, whether appellant communicated a present determination to injure a person presently or in the future.

Appellant, an airman recruit, was stationed at Naval Air Station, Cecil Field, Florida. He was convicted of committing several offenses, including unauthorized use of his roommate's automatic-teller-machine (ATM) card. "Sometime after using the ATM card, appellant discovered that his foray into [his roommate's] financial world was photographed by the teller machine." Realizing he might be apprehended for the theft, appellant decided to depart on an unauthorized absence by stealing his roommate's new Chevrolet Cavalier and driving it to Reno, Nevada.

Before leaving on his unauthorized absence, he drafted a letter which he left in his desk in the room he shared with his roommate (whose first name is Terrance). Although the letter was addressed: "To whom it may concern," the end of the letter stated the following:

Terrance if you are pissed off me* well fuck you and dont* even let me hear you going* to try and find me because you will be hit and one morning just might not wake up, wouldn't that be a shame. Dont* be stupid Terrance let it go you dont* know nor could you imagine the power I have yes even in New Orleans. You never know your sister might even get a visit. So dont* fuck around.

(*: errors in original)

This evidence is sufficient to support a finding of appellant's clear, present intention to injure his roommate or his roommate's sister. Even if this letter is read as being conditioned upon his roommate's attempting to recover his stolen automobile, appellant "had no right to impose" such a condition, *United States v. Holiday*, 4 USCMA 454, 459, 16 CMR 28, 33 (1954); and the condition was not hypothetical or impossible, *United States v. Shropshire*, 20 USCMA 374, 43 CMR 214 (1971).

The evidence that Terrance found the letter a few days after appellant stole Terrance's car supports an inference that appellant left the letter in his desk intending it to be found by his roommate or made known to the roommate. Thus, the letter was a sufficient communication of the threat to his roommate to constitute the offense. *United States v. Gilluly*, 13 USCMA 458, 32 CMR 458 (1963).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.