# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 SEAN GASTON**
**United States Army, Appellant**

ARMY 20111007

Headquarters, I Corps (Rear) (Provisional)
Gary Saladino, Military Judge
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain J. Fred Ingram, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna (on brief).

28 February 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave, one specification of wrongful use of marijuana, one specification of provoking speech, six specifications of assault, two specifications of drunk and disorderly conduct, and one specification of communicating a threat, in violation of Articles 86, 112a, 117, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. 886, 912a, 917, 928, 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and five months confinement. The convening authority approved the bad-conduct discharge and 150 days of confinement. The convening authority also credited appellant with 104 days of confinement.[*]

This case is before this court for review under Article 66, UCMJ. One of appellant's assignments of error has merit. In particular, appellant contends that the military judge abused his discretion by accepting appellant's guilty pleas to Charge

_____

[*] By our count, appellant should have been credited with 108 days of confinement credit. We take appropriate action in our decretal paragraph.

III and its Specification, provoking speech in violation of Article 117, UCMJ. The government concedes that the military judge abused his discretion, and, after reviewing the entire record, we accept that concession. Appellant's other assignments of error lack merit.

The parties do not appear to dispute the relevant facts. On 4 June 2011, appellant had been drinking heavily. He described himself as "obviously drunk" and "really drunk." He had been screaming obscenities at females on Fort Lewis. Eventually, the police arrived and, after some struggle from appellant, apprehended him. While handcuffed and being led to a police car, appellant pulled away from a military policeman, Specialist (SPC) NS, and said, "I eat little punk bitches like you." At his guilty plea, appellant said he did so "to get a rise out of him."

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding appellant's guilty plea. *Id.*

An element of provoking speech is that the words "used were provoking or reproachful." *Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 42.b.(2). "As used in this article, 'provoking' and 'reproachful' describe those words or gestures . . . which a reasonable person would expect to induce a breach of peace under the circumstances." *Id.* at ¶ 42.c.(1). Military courts, in addressing provoking speech or gestures made by intoxicated persons arrested by police, have noted the police are "trained to overlook verbal abuse in such situations and to maintain a professional demeanor." *United States v. Shropshire*, 34 M.J. 757, 758 (A.F.C.M.R. 1992). Furthermore, our superior court has noted the unlikelihood that a trained custodian will open the restraints and retaliate against the speaker. *United States v. Thompson*, 22 U.S.C.M.A. 88, 90, 46 C.M.R. 88, 90 (1972).

Here, appellant simply answered "Yes, Your Honor" when asked if his words were provoking or reproachful. There was no colloquy regarding whether a reasonable member of law enforcement would breach the peace upon hearing appellant's words. While we have no doubt that an arrested, intoxicated person can violate Article 117 when interacting with law enforcement personnel, we simply do not believe the evidence is sufficient to demonstrate that occurred in this case. In the absence of a meaningful colloquy about this element, we are left with a substantial basis in law and fact to question whether a reasonable military policeman in SPC NS's position would have been provoked.

**CONCLUSION**

The findings of guilty of Charge III and its Specification are set aside. The remaining findings of guilty are AFFIRMED. In light of the error noted, we have applied the principles of *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013). In particular, the sentencing landscape has not changed, the remaining convictions capture the gravamen of appellant's criminal conduct (including assaulting law enforcement officers and noncommissioned officers), appellant was sentenced by a military judge, and we have the experience and familiarity with the remaining convictions to reassess appellant's sentence. Accordingly, only so much of the sentence is affirmed that extends to a bad-conduct discharge and confinement for 146 days. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court