UNITED STATES, Appellee,

v.

David G. HALE, Private First Class, U. S. Army, Appellant.

No. 30,642.

U. S. Court of Military Appeals.

Feb. 20, 1976.

*Captain Derryl W. Peden* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Captain Anthony J. Siano.*

*Captain Richard A. Gallivan* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr.,* and *Captain Gary F. Thorne.*

### OPINION OF THE COURT

FERGUSON, Senior Judge:

Appellant was convicted by a general court-martial of two larcenies [1] in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. Appellant has asked that we find prejudicial error in the mili-

---

1. Specifications 1 and 2 of Charge II. Charges I and III and their specifications were dismissed by the military judge.

tary judge's refusal to permit his trial defense counsel to litigate a motion to suppress the testimony of a prosecution witness as being the product of an unlawful search.[2] We do so find.

At a pretrial Article 39(a) session, the appellant's defense counsel moved to suppress the tangible evidence seized during a search alleged to have been unlawful. The trial counsel responded that he had no intention of offering the fruits of that search into evidence, apparently having satisfied himself as to the illegality of the search. At this point, defense counsel moved to suppress the testimony of Specialist Four David Zelenak, a key prosecution witness scheduled to testify under a grant of immunity regarding one of the larcenies. Upon assurance of the trial counsel that neither the *physical* products of the search nor any *testimony concerning what was found during the search* would be offered into evidence, the trial judge declared the search's legality a "moot question" and denied the defense motion. Subsequently, Specialist Zelenak testified in detail regarding the second alleged theft.

■ It is manifestly apparent that both the trial counsel and the military judge misapprehended the object of the suppression motion. The stated defense position was that Zelenak's testimony was itself a *product* of the illegal search,[3] not that it

was testimony *about* the search. It was, no more or no less, a motion seeking to suppress evidence (live testimony) which resulted from a search.

■ The rationale of what today commonly is known as the doctrine of "fruit of the poisoned tree"[4] was best expressed by Mr. Justice Holmes in *Silverthorne Lumber Co. v. United States*:[5]

> The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the court, but that *it shall not be used at all.*

The proper inquiry to ascertain taint—that is, whether evidence illegally obtained was "used at all"—is:[6]

> "whether, granting establishment of the primary illegality, the evidence to which . . . objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguished to be purged by the primary taint."

■ Although the burden of persuasion is upon the Government when an accused enters an objection to evidence founded upon the Fourth Amendment,[7] the accused initially must go forward with specific evidence of taint when that is his theory

---

**2.** The testimony of this witness—and, hence, both the trial motion and the error before us on appeal—affects only one of the two alleged larcenies, specification 2 of Charge II.

**3.** Because the trial judge precluded litigation of the issue, it is not entirely clear upon what basis the defense counsel was relying. A given witness' testimony may be suppressed as the product of an unlawful search on either of two distinct theories: (1) the witness' identification was discovered as the result of the search, *United States v. Armstrong*, 22 U.S.C.M.A. 438, 47 C.M.R. 479 (1973), or (2) the witness' willingness to testify was a result thereof, *United States v. Nazarian*, 23 U.S.C.M.A. 358, 49 C.M.R. 817 (1975). While appellate counsel for the Government suggest that the record of trial reveals that Zelenak's identification as a witness was obtained from a source independent of the search, the second possibility above-noted is wholly unaddressed by the Government, despite it being the principal thrust of appel-

lant's case both in his brief and in argument before this Court.

**4.** *Nardone v. United States*, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); *United States v. Moore*, 19 U.S.C.M.A. 586, 42 C.M.R. 188 (1970).

**5.** 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920) (emphasis added).

**6.** *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), *quoting* Maguire, Evidence of Guilt, 221 (1959). *See* paragraph 152, Manual for Courts-Martial, United States, 1969 (Rev.).

**7.** *Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *United States v. Carson*, 22 U.S.C.M.A. 203, 46 C.M.R. 203 (1973); paragraph 152, MCM.

of inadmissibility.[8] Concomitantly, the trial judge must afford the defense counsel the opportunity to meet this responsibility.[9] It was error for the judge herein to do otherwise. As we noted in *United States v. Nazarian* : [10]

> [E]ach case must be examined on an ad hoc basis and, which is equally important, "must be ruled on its *own facts* rather than any sweeping general concept of 'live testimony' as such." Here, the failure of the military judge to require the Government to present the facts surrounding the search, however, precluded a development that could have allowed an informed resolution of the defense objection, as well as a determination of any possible taint that might have resulted if the search were found to be illegal.

The Government in its brief and its oral argument before this Court acknowledges that this is the plight in which we find ourselves because of the action of the trial judge.[11] As we cannot say beyond a reasonable doubt that this error did not harm the appellant,[12] the conviction of the offense affected cannot stand.

The decision of the US Army Court of Military Review is reversed. The finding as to specification 2 of Charge II is set aside. The record is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review which may, in its discretion, set aside the sentence and authorize a rehearing both as to specification 2 and the sentence, or dismiss that specification and reassess the sentence accordingly.

Chief Judge FLETCHER and Judge COOK concur.

8. *Alderman v. United States, supra,* 394 U.S. at 183, 89 S.Ct. 961.

9. *Nardone v. United States, supra,* 308 U.S. at 361, 60 S.Ct. 266.

10. 23 U.S.C.M.A. at 360–61, 49 C.M.R. at 819–20 (footnote omitted).

11. While we are unable to conclude why a trial judge would preclude the litigation of a suppression motion unless the prosecution renders an assurance that *no* product of the search will

be tendered as evidence at the trial, possibly, this judge erroneously believed that live testimony is not a proper subject of such a motion. As a result of his ruling, however, the record is critically deficient in the development both of the search's alleged illegality and of the question of taint.

12. *United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975).