UNITED STATES

v.

**Staff Sergeant Anthony W. LAWLESS, FR 044–40–8254 United States Air Force.**

**ACM S25501.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 Oct. 1981.

Decided 30 June 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter and Major Michael J. Hoover.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongfully possessing marijuana with intent to distribute, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, two months and 29 days confinement at hard labor, forfeiture of $250 per month for four months, and reduction to airman basic.

### I

At approximately 2300 hours, 20 June 1981, Sergeant Kerrigan and Airman Arico were on foot patrol in the enlisted housing area of McGuire Air Force Base. As they cut across the yard of the quarters occupied by Senior Airman and Sergeant Marx, Kerrigan smelled burning marijuana coming from the house. He was about 10 to 15 feet away. There was one window with a shade open about three to five inches; all the other windows were closed and shaded. Kerrigan and Arico went to the open window that was obscured by a bush and looked in. The accused and another individual were sitting in the living room; the other individual was smoking a water pipe.

Kerrigan contacted Staff Sergeant Forbis, also a Security Policeman, who lived in the housing area. Forbis returned to the house with Kerrigan and saw the accused using a scale and tray in subdividing a quantity of marijuana into small plastic bags. The three policemen apprehended everyone in the house, including the occupants, Jerome and Valerie Marx. A search authorization was obtained based on what had been seen through the window, and additional contraband was seized.

The military judge ruled there were three separate searches conducted: First, when Kerrigan and Arico looked inside the house; second, when Forbis later returned with them and looked inside; and third, one conducted pursuant to a search authorization. He held the first search lawful as being permitted under exigent circumstances, and the second and third unlawful. He suppressed the real evidence seized as a result of the last two searches.

During the evening of 20 June, the accused arrived at the house carrying a brown paper bag. Inside was a clear plastic bag containing a "brownish-green leafy substance with stems and seeds." Both Jerome and Valerie Marx identified the substance as marijuana. Jerome Marx indicated he had seen marijuana approximately 100 times in the past both in civilian life and while on active duty. His wife, Valerie, was a narcotics dog handler, and had seen marijuana almost daily for two years. Both received nonjudicial punishment for drug abuse occurring on 20 June 1981.

### II

The first issue before us is whether the security policemen were trespassers, as the accused contends, citing *United States v. Peters*, 11 M.J. 901 (A.F.C.M.R.1981), or whether they had a right to be where they could see into the window and observe the activities of the accused and the other individual.

When a security policeman has an articulable suspicion that an offense is being committed he has the right, and the

duty, to investigate. *United States v. Sumners*, 13 U.S.C.M.A. 573, 33 C.M.R. 105 (1967). The detection of the odor of burning marijuana by an individual who is familiar by either training or experience with that odor establishes probable cause to search for that contraband. *United States v. Wheaton*, 48 C.M.R. 649 (A.F.C.M.R. 1974); *accord United States v. Thompson*, 12 M.J. 993 (A.F.C.M.R.1982). We held in *United States v. Felton*, 1 M.J. 719 (A.F.C. M.R.1975), that to support an exigency search of a private dwelling, the government must show probable cause for a belief that contraband is located on the premises and a reasonable belief that immediate entry is necessary to prevent its removal or destruction. This principle was codified in Mil.R.Evid. 315(g)(1).

■ It is clear to us that Kerrigan knew that contraband, i.e. burning marijuana, while being used was also in the process of being destroyed. Therefore, he and Arico had the duty to investigate further. The case, *sub judice*, is distinguishable on its facts from *United States v. Peters, supra*. There, we observed, "there was no probable cause to believe illegal drugs were in the quarters." The opposite is true here with ample evidence to establish that marijuana was present. Both security policemen were lawfully on the premises and had every right to be where they were. What they saw was admissible pursuant to an exigency search based on probable cause. *United States v. Sanford*, 12 M.J. 170 (C.M.A.1981); *United States v. Sumner*, 34 C.M.R. 850 (A.F.B.R.1964).

### III

The accused maintains the testimony of the Marx couple was the product of the second and third searches which were ruled unlawful, and the military judge erred in not excluding their testimony. He urges the initial search by Kerrigan and Arico, even if lawful, failed to establish a connection between the Marxs and the accused. He contends the government is required to have some basis to believe the Marxs had knowledge of the accused's offense before they could be questioned concerning it. Finally, he argues the non-judicial punishment given the husband and wife was a "leverage factor" the government used to insure their testimony. We do not agree.

■ If the testimony of a witness is the product of an *illegal search*, such testimony must be excluded upon objection by the accused. *United States v. Waller*, 3 M.J. 32 (C.M.A.1977). However, here the initial search was valid, and the identity of the dwelling's occupants was a matter of record. Even the most cursory police investigation would require that the residents of a house where an offense was committed be questioned. It is reasonable and logical to assume that the Marxs would be interviewed to ascertain what knowledge they had of the accused's conduct. Their willingness to testify becomes an issue only if their testimony was the product of an *unlawful search*. *United States v. Hale*, 1 M.J. 323 (C.M.A.1976) n. 3. The initial search was lawful and the judge was correct in allowing the testimony of Jerome and Valerie Marx.

### IV

On direct examination, Jerome Marx denied assisting the accused in weighing and packing the marijuana or touching it in any way. On cross-examination, however, he refused to answer who had supplied the accused with plastic bags for dividing the marijuana or the tray on which the procedure was accomplished. Citing *United States v. Colon-Atienza*, 22 U.S.C.M.A. 399, 47 C.M.R. 336 (1973), the accused contends the military judge erred in not striking Jerome Marx's testimony because of his refusal to say who supplied the plastic bags or the tray. In their view, the questions went to the core of the offense charged, i.e., possession of marijuana with intent to distribute.

■ The military judge did not abuse his discretion in refusing to strike Jerome Marx's testimony. Mil.R.Evid. 301(f)(2). The proffered questions touched on collateral issues where refusal to answer would

create little danger of prejudice to the accused. The witness admitted he had received non-judicial punishment for wrongful possession of marijuana the same day the accused was arrested. His wife, Valerie, admitted that the tray belonged to them, but she was unaware who physically gave it to the accused. Finally, the thrust of the accused's defense was that Jerome and Valerie Marx's credibility was suspect. Appropriately, the military judge instructed the jury regarding the weight to be given accomplice testimony and the standard to be applied. In summary, we conclude the accused suffered no harm by Jerome Marx's refusal to answer the two questions during cross-examination. *See United States v. Terrell*, 4 M.J. 720 (A.F.C.M.R.1977)

We have considered the remaining assigned error and have resolved it adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.