**UNITED STATES, Appellee**

v.

**James P. GREIG Jr., Private**
**U.S. Army, Appellant.**

No. 95–0133.
CMR No. 9301076.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 2, 1995.

Decided Aug. 30, 1996.

For Appellant: *Captain Walter S. Weedman* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel John T. Rucker, Major Roy H. Hewitt* (on brief).

For Appellee: *Captain David Musel* (argued); *Colonel John M. Smith, Lieutenant Colonel James L. Pohl, Captain Anthony P. Nicastro, Captain Eugene E. Baime* (on brief); *Major Lyle D. Jentzer.*

*Opinion of the Court*

COX, Chief Judge:

In accordance with his pleas, appellant was found guilty, by a general court-martial consisting of a military judge alone at Fort Benning, Georgia, of communicating a threat (2 specifications), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge and confinement for 9 months. The sentence was approved by the convening authority, and the Court of Military Review[1] affirmed the findings and sentence without opinion. We granted review of the following issues:

I

WHETHER APPELLANT'S GUILTY PLEAS TO SPECIFICATIONS 1 AND 2

___

1. *See* 41 MJ 213, 229 n* (1994).

OF THE ADDITIONAL CHARGE WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO ESTABLISH EVERY ELEMENT OF THE OFFENSE.

## II

WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO DISMISS CHARGES I, II, III, IV, AND V AND THEIR SPECIFICATIONS WITH PREJUDICE.

We resolve Issue I against appellant and decline to answer Issue II. Specifications 1 and 2 of the Additional Charge alleged the following:

Specification 1: In that Private James P. Grieg, U.S. Army, did at Fort Benning, Georgia, on or about 17 February 1993, wrongfully communicate to Major Kenneth Hirsch, a threat to kill Captain Michael Boone, First Sergeant Michael Francoso and Captain Steven Weir, by shooting each of the aforesaid individuals with a pistol.

Specification 2: In that Private James P. Grieg, U.S. Army, did at Fort Benning, Georgia, on or about 17 February 1993, wrongfully communicate to Dorothy Sandra King, a threat to kill Captain Michael Boone, First Sergeant Michael Francoso and Captain Steven Weir, by unknown means.

Prior to accepting appellant's pleas, the military judge conducted a providence inquiry as required by *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969). We need not detail the specifics of that inquiry at this time because the only matter in controversy is whether appellant's statements were so inconsistent with his pleas of guilty as to require the military judge to either reject them or resolve the inconsistency. Art. 45(a), UCMJ, 10 USC § 845(a); *United States v. Prater*, 32 MJ 433, 436 (CMA 1991).

■ During the providence inquiry, appellant admitted that he had uttered the language in question and that he wished for both Major Hirsch and Ms. King, a psychiatrist and a psychiatric nurse, to believe him,

*i.e.*, that he was not "joking." He then added that he "wanted to stay in the hospital" where he was receiving treatment when the language was uttered. Seizing on appellant's statements relating to his ultimate purpose, the defense now claims that a fatal inconsistency was interjected into this court-martial which requires reversal of the decision of the Court of Military Review. We disagree.

■ The offense of communicating a threat does not obligate the prosecution "to prove that the accused actually entertained the" intent expressed in the utterances. *United States v. Humphrys*, 7 USCMA 306, 307, 22 CMR 96, 97 (1956). In *United States v. Gilluly*, 13 USCMA 458, 460–61, 32 CMR 458, 460–61 (1963), we defined the offense as follows:

The offense is complete when one wrongfully communicates to another an "avowed present determination or intent to injure presently or in the future." *United States v. Holiday*, 4 USCMA 454, 456, 16 CMR 28. The intent which establishes the offense is that expressed in the language of the declaration, not the intent locked in the mind of the declarant. *United States v. Humphrys*, 7 USCMA 306, 307, 22 CMR 96. Thus, the presence or absence of an actual intention on the part of the declarant to effectuate the injury set out in the declaration does not change the elements of the offense. This is not to say the declarant's actual intention has no significance as to his guilt or innocence. A statement may declare an intention to injure and thereby ostensibly establish this element of the offense, but the declarant's true intention, the understanding of the persons to whom the statement is communicated, and the surrounding circumstances may so belie or contradict the language of the declaration as to reveal it to be a mere jest or idle banter. *United States v. Humphrys, supra*, page 307. *Ragansky v. United States*, 253 Fed. 643 (CA 7th Cir. 1918).

Appellant relies on paragraph 110, Part IV, Manual for Courts–Martial, United States (1995 ed.), for his argument that an actual innocent intent (to remain in the hos-

pital) is inconsistent with his pleas of guilty. That paragraph provides the following:

b. *Elements.*

(1) That the accused communicated certain language expressing a present determination or intent to wrongfully injure the person, property, or reputation of another person, presently or in the future;

(2) That the communication was made known to that person or to a third person;

(3) That the communication was wrongful; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

c. *Explanation.* To establish the threat it is not necessary that the accused actually intended to do the injury threatened. However, a declaration made under circumstances which reveal it to be in jest or for *an innocent or legitimate purpose,* or which contradict the expressed intent to commit the act, does not constitute this offense. Nor is the offense committed by the mere statement of intent to commit an unlawful act not involving injury to another....

(Emphasis added.)

However, the reference to "innocent or legitimate purpose" does not delineate the elements of the offense; rather, it is a reference to "the surrounding circumstances [which] may so belie or contradict the language of the declaration as to reveal it to be a mere jest or idle banter[,]" as noted in the quotation from *United States v. Humphrys,* *supra.*[2] Here the military judge ascertained from appellant that he had not been joking and that the threats were uttered in an attempt to preclude his release from the hospital. As we view the factual scenario set forth by appellant, he attempted to scare the employees of the hospital in a manner to preclude his release from that institution.

Appellant also makes reference to the testimony of Major Hirsch, who stated during sentencing, as an expert in psychiatry and psychology, that he "was suspicious at the time and felt it was probably an effort at manipulation in order to maintain hospitalization," for some support in his effort to set aside his pleas of guilty.

■ However, this argument fails for two reasons. First—as appellant entered a plea of guilty, his own statements, not the statements of witnesses, are the focal point for resolving any alleged inconsistency in his pleas of guilty. Second—in any event, the standard for resolving the issue in a contested case is not from the insight of a witness trained in mental disorders but from the viewpoint of a reasonable man. *United States v. Phillips,* 42 MJ 127, 130 (1995), *quoting United States v. Shropshire,* 20 USCMA 374, 375–76, 43 CMR 214, 215–16 (1971). Thus, we find no "substantial basis" for rejecting appellant's pleas of guilty. *United States v. Prater,* 32 MJ at 436.[3]

We now turn to Issue II. The military judge granted a defense motion to dismiss Charges I–V on the basis that appellant had been denied a speedy trial under the provisions of RCM 707, *Manual, supra.* However, relying on RCM 707(d), he ruled "the charges are dismissed without prejudice, which means that the government, if it wants to, is permitted to pursue those again." Recently, we have upheld this provision of the Manual as promulgated by Executive Order No. 12767, § 1g, 56 Fed.Reg. 30291–92 in 1991. *United States v. Edmond,* 41 MJ 419 (1995). However, we need not now address appellant's argument that a dismissal without prejudice was not appropriate under the circumstances of this case. Unlike *Edmond,* this appellant has not been tried for the offenses subject to dismissal by the military judge.

---

**2.** We also note that, as the issue involves a matter of substantive law, the Manual for Courts-Martial, United States (1995 ed.) could neither add to nor detract therefrom. *United States v. Frederick,* 3 MJ 230, 236 (CMA 1977).

**3.** We are mindful that we reached a different result in *United States v. Cotton,* 40 MJ 93, 95 (CMA 1994). However, the facts of the two cases are clearly different.

The decision of the United States Army Court of Military Review is affirmed.

Judges CRAWFORD and GIERKE and Senior Judge EVERETT concur.

SULLIVAN, Judge (concurring in the result):

The majority opinion notes that the facts in this case are "clearly different" from those presented in *United States v. Cotton*, 40 MJ 93 (CMA 1994). 44 MJ at 358 n.3. Appellant has not even cited our decision in his brief. I think it should be distinguished because there our Court *reversed* the decision below upholding a guilty plea to communicating a threat in a hospital context similar to appellant's. Absent a meaningful distinction between these two cases, this Court would be bound to follow *Cotton*.

I conclude that these two cases are different. In *Cotton*, the accused communicated the charged language while describing his troubled mind to a health care provider. Here appellant used his words to prevent his discharge from the hospital. Different circumstances in the same context may lead to different conclusions by the same reasonable man. They do here. *See United States v. Phillips*, 42 MJ 127, 130 (1995).