**UNITED STATES**

v.

**Matthew J. WRIGHT, Corporal
(E–4), U.S. Marine Corps.**

NMCCA 200602491.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 29 June 2006.

Decided 17 July 2007.

Capt Alberto Munguia, JAGC, USN, Appellate Defense Counsel.

LCDR Ross W. Weiland, JAGC, USN, Appellate Government Counsel.

LT Justin E. Dunlap, JAGC, USN, Appellate Government Counsel.

Before GEISER, Senior Judge,
MITCHELL and BARTOLOTTO, Appellate
Military Judges.

GEISER, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, consistent with his pleas, of unauthorized absence, missing movement by design, making a false official statement, larceny of more than $500.00 in United States currency, and communicating a threat, in violation of Articles 86, 87, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, 907, 921, and 934. The appellant was sentenced to a bad-conduct discharge, confinement for 180 days, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged.

The appellant's sole initial assignment of error relates to his conviction for communicating a threat. Although styled as a challenge to the "legal sufficiency of the evidence," we note that the appellant pled guilty to the specification at issue and no evidence was presented. Appellant's Brief of 15 Feb 2007 at 4; Record at 10. We will therefore treat the appellant's initial assignment of error as an assertion that his pleas to the charge and specification were improvident because the language constituting the threat was conditional. In addition, this court specified a related issue addressing whether the fact that the appellant made the threatening statement in the context of a mental health evaluation negates the element of wrongfulness. In a supplemental assignment of error, the appellant reiterated his contention the threatening statement was conditional and, in addition, asserted the statement was made for a legitimate medical purpose and therefore was not wrongful.

We have examined the record of trial, the appellant's initial assignment of error, the Government's response, the appellant's supplemental assignment of error and brief, and the Government's supplemental response. We conclude that the appellant's plea to the Article 134, UCMJ, offense of communicating a threat was improvident in that the charged threatening words were not wrongful because the words communicated the appellant's current mental state to a mental health provider for the purpose of obtaining a mental health evaluation and treatment. We will take appropriate action in our decretal paragraph. Following our corrective action, we find the remaining findings and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

The appellant was scheduled to deploy to Iraq to rejoin his unit on 23 February 2006. The day prior to his scheduled departure, the appellant presented himself to the psychiatric ward at Balboa Naval Hospital seeking assistance for mental health issues. Record at 41. He consulted with a mental health provider, Dr. Brian Ledden, regarding feelings of anxiety, anger, and frustration arising from his upcoming deployment. In the context of the ensuing discussion, the appellant stated that he believed he would be treated badly by his chain of command when he arrived in Iraq. The appellant acknowledged telling the doctor that "if provoked in any way" he would "just snap and lose it and just lose control" of himself. *Id.* The appellant specifically stated that he was convinced he would be provoked once reunited with his command and believed that he would then injure his commanding officer, sergeant major, gunnery sergeant and staff sergeant by "beating them to a pulp with his E-tool shovel" as charged in the Article 134, UCMJ, (communicating a threat) specification.

## Improvident Plea

In order to reject a guilty plea to communicating a threat on appellate review, the record must show a substantial basis in law and fact for questioning the plea. *United States v. Greig*, 44 M.J. 356, 358 (C.A.A.F.1996)(citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)). The appellant's assertion that the charged threatening statement was conditional is without merit and need not detain us.[1] The context within which the threatening statement was made is more problematic, however.

In deciding whether the appellant's statement communicated a present determination or intent to harm his chain of command, " 'both the circumstances of the utterance and the literal language must be considered.' " *United States v. Brown*, 65 M.J. 227, 231 (C.A.A.F.)(quoting *United States v. Cotton*, 40 M.J. 93, 95 (C.M.A.1994)). There is no question that the literal language charged in the specification was threatening in nature. The circumstance of the utterance, however, gives us pause. The appellant's uncontradicted statements during the providence inquiry indicate that he was seeking assistance from a mental health care provider about his current mental state of frustration, anger, and anxiety and how he believed this mental state would affect his future actions. While we see nothing to suggest that the appellant's words were said in jest or were idle banter, it does appear that the words were spoken to communicate the appellant's current mental state to a health care provider for the purpose of obtaining evaluation and treatment.

---

1. The appellant argues that the fact he commenced an unauthorized absence the day *after* making the threatening statement somehow resulted in there being no reasonable possibility the threat could be carried out. We find this unpersuasive. The threat was not conditional or impossible to carry out at the time it was made. That the appellant's subsequent unauthorized absence may have made following through on the threat less likely is irrelevant. The offense of communicating a threat does not require proof that the accused actually intended to carry out the threatened injury. *United States v. Phillips*, 42 M.J. 127 (C.A.A.F.1995). In any case, the appellant's statements during the providence inquiry make clear that he fully anticipated deploying to Iraq the day after the statement was made and fully believed his command's treatment of him upon arrival would trigger execution of the threat. Record at 42; Prosecution Exhibit 1 at 7-8.

In *Cotton*, the appellant went to the mental health clinic at the base hospital and spoke with the on-call social worker. He proceeded to tell the social worker that nobody in his squadron cared about him and, out of the blue, stated that he'd have no problem killing his master sergeant. He went on to acknowledge being a long-term drug addict, having not slept for 4–5 days and having not eaten for 3–4 days. *Cotton*, 40 M.J. at 94. While the court's decision to dismiss the specification was premised primarily on the conditional nature of the appellant's statement, the court also implied that an utterance made to a mental health professional describing the cause of his distress is not wrongful. *Id.* at 95.

Our superior court enlarged on this theme in their recent *Brown* decision, focusing specifically on the "very middle ground between text and context." *Brown*, 65 M.J. at 231. In *Brown*, the appellant told the mother of his child that "if the baby wasn't here, you'd be dead." *Id.* at 228. While the parties focused their attention narrowly on parsing the words of the statement, the court stepped back to consider whether the words were threatening in the context of the surrounding facts and circumstances. In *Brown*, the court found that the words, taken in context, constituted a threat. *Id.* at 232.

In the instant case, the Government argues that we should be guided by our superior court's decision in *Greig*. In *Greig*, the appellant's conviction for making threatening statements to health care professionals in a hospital setting was upheld. What differed from *Cotton* and the instant case, however, was the purpose for making the threatening statements. In *Greig*, the appellant acknowledged making the threatening statements for the express purpose of frightening hospital employees into keeping him in the hospital. Far from the legitimate purpose of describing the cause of his distress to facilitate evaluation and treatment, *Greig* made the threatening statements for the illegitimate and wrongful purpose of misleading hospital personnel. *Greig*, 44 M.J. at 358.

 "Conduct takes its legal color and quality more or less from the circumstances surrounding it, and the intent or purpose which controls it. [T]he same act may be lawful or unlawful as thus colored and qualified." *See United States v. Schmidt*, 36 C.M.R. 213, 216, 1966 WL 4447 (C.M.A.1966). We hold that threatening statements (1) uttered in the context of an exchange of information with medical personnel, (2) which express the declarant's current mental state or distress, and (3) which are uttered for the purpose of obtaining medical evaluation and treatment are not wrongful and do not constitute communicating a threat under Article 134, UCMJ. Applying this to the instant case, we find that there is a substantial basis in law and fact to question the appellant's plea of guilty to the specification under Charge VII. We will set aside the associated finding of guilty in our decretal paragraph.

## Conclusion

The findings of guilty to Charge VII and its sole specification are set aside. The remaining findings of guilty are affirmed. The affirmed charges and specifications reflect unauthorized absence, missing movement by design, making a false official statement, and stealing over $500.00 in U.S. currency. We have reassessed the sentence in accordance with the principles of *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F.1998); *United States v. Peoples*, 29 M.J. 426, 428–29 (C.M.A.1990); and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986). In view of the seriousness of the remaining charges and specifications and considering evidence properly admitted during the presentencing hearing, we are confident that the minimum sentence for the remaining offenses would have included at least confinement for 180 days, reduction to pay grade E–1, and a bad-conduct discharge. *See United States v. Buber*, 62 M.J. 476, 478–79 (C.A.A.F.2006). We therefore affirm the approved sentence.

Judge MITCHELL and Judge BARTOLOTTO concur.